AUSA: Gallena/McLane

____ FILED ____ ENTERED
____ LOGGED ____ RECEIVED

**3:53 pm, Oct 13 2020**
AT  BALTIMORE
CLERK, U.S. DISTRICRT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **IN THE MATTER OF THE AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT AUTHORIZING A DNA SAMPLE COLLECTION FROM REGINALD RAYSOR** | **Case No.** 1:20-mj-2352 TMD _____ |

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR A SEARCH WARRANT

I, Antonnio Hopson, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, depose and state as follows:

1.      The ATF and Baltimore Police Department ("BPD") have been investigating Reginald RAYSOR for a violation of 18 U.S.C. § 922(g) (possession of a firearm by a prohibited person).[1]  This affidavit is being submitted in support of an application for a search warrant pursuant to Federal Rule of Criminal Procedure 41 to obtain samples of Deoxyribonucleic Acid ("DNA") for comparison purposes in the form saliva from RAYSOR, a man born in 1992, assigned a Maryland State Identification number ending in 7196, and assigned an FBI number ending in 0TC6.  A photograph of RAYSOR is attached as Attachment A to this affidavit.  RAYSOR is currently being held at Jessup Correctional Institute, 7803 House of Correction Road Jessup, Maryland 20794.  The applied-for warrant would authorize members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above-described investigation, to obtain DNA contained within saliva samples from RAYSOR, as described in Attachment B.

2.      Because this Affidavit is being submitted for the limited purpose of establishing

---

[1] On July 28, 2020, a federal grand jury returned an Indictment charging RAYSOR with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g) (*United States v. Raysor*, 20-cr-00225-JKB).

probable cause for a search warrant, I have not included every detail of every aspect of the investigation to date.  Rather, I have set forth only those facts that I believe are necessary to establish probable cause supporting the warrant.  I have not, however, intentionally omitted information that would tend to defeat a determination of probable cause.

3.      I believe that probable cause exists that RAYSOR possessed a firearm in violation of 18 U.S.C. § 922(g) on May 7, 2020.  Therefore, I respectfully request that this Court find probable cause that evidence of the aforementioned criminal violation is contained in the form of DNA in saliva in the possession of RAYSOR.

### AGENT BACKGROUND

4.      I have been a Task Force Officer (TFO) with the ATF since 2016.  I am currently assigned to the Baltimore Field Division, Baltimore Group VI, which investigates violations of federal firearms laws, violent crimes, and armed narcotic trafficking.  I have participated in numerous investigations focusing on illegal firearms, controlled dangerous substance ("CDS") trafficking, and gangs.  I have conducted covert surveillance of suspected CDS and firearms traffickers; interviewed numerous individuals involved in gangs and the CDS trafficking trade; participated in the execution of numerous state and federal search warrants and arrest warrants involving illegal firearms and CDS traffickers and violent offenders; and participated in the seizure of numerous firearms and CDS.

5.      As a TFO, I have assisted in investigations involving violations of federal firearms and controlled substance laws as well as investigations involving violent crimes.  Accordingly, I have received specialized training regarding, and have personally participated in, various types of investigative activities, including, but not limited to, the following: (a) the execution of search warrants; (b) the consensual monitoring and recording of conversations; and (c) the handling and

maintenance of evidence.

6.      I am familiar with firearm and narcotic statutes, and the methods employed by those who perpetrate these acts.  I have been the affiant on search warrants and made numerous arrests in the course of my career for firearm violations and other violent crimes.  I know based on my training and experience that DNA can be found on items such as clothing and firearms and can be compared to a sample of DNA from a known person.  This comparison can help identify or eliminate suspects.  I further know that the Baltimore City Forensics lab will not test firearms for the presence of DNA (or do any subsequent comparison) without a standard to which it can be compared.

**PROBABLE CAUSE**

7.      On May 7, 2020, BPD officers were patrolling the Cherry Hill neighborhood in marked and unmarked vehicles, and wearing either full police uniforms or black tactical vests with the word "POLICE" in large white lettering on the front and back of the vests.  Officers noticed a large group of people and recognized RAYSOR from previous interactions and investigations standing in the group with his back facing the officers.  RAYSOR wore a black shoulder bag over his body.  Officers spotted the imprint of a large L-shaped object in RAYSOR's black shoulder bag, and they believed that he may be armed with a large semi-automatic handgun.

8.      RAYSOR appeared to be startled at the officers' presence, left the group, and quickly began walking towards a break between two houses.  RAYSOR repeatedly looked back over his shoulder at the officers as he moved.  When officers exited their vehicle, RAYSOR fled.

9.      RAYSOR removed the black bag as he rounded the corner between the houses and ran towards the tree line.  When Detective Deasel rounded the corner, he saw RAYSOR's right arm fully-extended and heard a sound consistent with a heavy object striking a surface from the

same direction as RAYSOR's extended right arm.  Officers apprehended RAYSOR after a brief

foot pursuit and quickly located the black bag that RAYSOR discarded.  The bag contained a High-

Point Model C9 semi-automatic handgun, with serial number P10051375.  An extended magazine

containing nine 9mm cartridges was next to the bag.

10.     All recovered evidence, including the firearm, was submitted to the Evidence

Control Unit of BPD.

11.     Prior to the events set forth in this affidavit, RAYSOR was convicted of armed

robbery and sentenced to five years, and is therefore prohibited from possessing a firearm.  Given

this sentence, RAYSOR should be aware that he had been convicted of a crime that carries a

punishment of over a year in prison.

12.     The firearm was test-fired at the BPD Firearms lab and expelled a projectile by the

action of an explosive, and therefore qualifies as a firearm under 18 U.S.C. § 921(a)(3).  The

firearm was not manufactured in Maryland and subsequently recovered during RAYSOR's arrest

in Maryland, and therefore affected interstate commerce.

13.     The BPD lab swabbed and analyzed the handgun for DNA.  The swabs cannot be

forwarded for DNA analysis until a standard for a suspect is obtained and a comparison is

requested.

## DNA AUTHORIZATION REQUEST

14.     Based on my training and experience, I believe that RAYSOR'S DNA will be on

the firearm recovered during his arrest.  A known sample of his DNA is required in order to test

and compare any and all DNA recovered.  Accordingly, I am requesting authorization for a warrant

to obtain samples of DNA for comparison purposes in the form of saliva from RAYSOR to

compare to the swabs taken from the firearm that I believe was possessed by RAYSOR in violation

of 18 U.S.C. § 922(g), possession of a firearm by a prohibited person.

15.     Further, I respectfully request that the Court issue a warrant authorizing members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents, to obtain DNA samples from RAYSOR so that the DNA sample may be compared to the swabs taken from evidence recovered in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
Antonnio Hopson
Task Force Officer, ATF

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this ___18___ day of September, 2020

_____
The Honorable Thomas M. DiGirolamo
United States Magistrate Judge

1:20-mj-2352 TMD

## <u>ATTACHMENT A</u>

### Photograph of Person to be Searched

Reginald RAYSOR
YOB: 1992
Maryland State Identification number ending in 7196
FBI number ending in 0TC6
Currently residing at: Jessup Correctional Institute, 7803 House of Correction Road Jessup,
Maryland 20794



1:20-mj-2352 TMD

## **ATTACHMENT B**

**Description of Items to be Seized**

Buccal (oral) swabs of the inside of RAYSOR's mouth limited to the extent where sufficient samples of DNA are obtained.